## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HERBERT WIGGINS, ID # 1370636,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:18-CV-0374-L-BH** |
| **v.** | § | |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |
| **and D.B. NEALY,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge**[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice**.

## I. BACKGROUND

On February 14, 2018, Herbert Wiggins, an inmate in the Michael Unit of the Texas Department of Criminal Justice (Plaintiff), filed this *pro se* civil rights action against the Social Security Administration (SSA) and one of its employees. (*See* doc. 1.) His complaint generally alleges that in response to his inquiry about his Social Security benefits, he received a letter from the individual defendant stating that he could not draw his benefits while he was in prison because Congress had passed a law prohibiting inmates from receiving benefits. (*Id.* at 4.) Plaintiff claims that the State of Texas is actually preventing him from collecting his social security benefits because "other states [are] letting inmates draw their monthly checks." (*Id.*) He requests that the SSA be ordered to pay back the money he is owed, and to begin issuing him monthly checks. (*Id.*)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma*

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case was automatically referred for judicial screening.

*pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 42 U.S.C. § 402(x)(1), social security benefits are generally not payable for the months that an individual "is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." *See* 42 U.S.C. § 402(x)(1)(A)(i). "Although the Fifth Circuit has not yet addressed the issue, several other circuits have upheld the suspension of Social Security benefits against a variety of constitutional challenges." *Hampton v. Dep't Health & Human Servs.*, 59 F.3d 1242 (5th Cir. 1995) (citing *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir.1987), *cert. denied*, 484 U.S. 1069 (1988)); *see also Graham v. Bowen*, 648 F. Supp. 298, 303 (S.D. Tex. 1986) (finding suspension of retirement benefits to imprisoned felons under § 402(x)(1) constitutional); *Luke v. Soc. Sec. Offices*, No. CV 19-11942, 2019 WL 5865608, at *3

(E.D. La. Oct. 10, 2019), *adopted by* 2019 WL 5864751 (E.D. La. Nov. 8, 2019) ("To the extent plaintiff alleges that he has been deprived of his right to disability benefits while in prison, he does not have a constitutional right to Social Security benefits while incarcerated.").

Plaintiff alleges that he has been deprived of his right to disability payments while in prison. (*See* doc. 1 at 3-4.) As discussed, he does not have a constitutional right to social security benefits during his incarceration, so his complaint should be dismissed for failure to state a claim.

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

**SO RECOMMENDED** on this 9th day of April, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4