IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HERBERT WIGGINS, ID #1370636,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:18-CV-374-L** |
| **SOCIAL SECURITY ADMINISTRATION and D.B. NEALY,** | § § § § | |
| Defendants. | § § | |

## ORDER

On April 9, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12), recommending that the court dismiss with prejudice the action filed by Plaintiff Herbert Wiggins ("Plaintiff") against Defendants Social Security Administration and D.B. Nealy ("Defendants"). In Plaintiff's Complaint (Doc. 1), he alleged that Defendants are violating his rights by refusing to pay his social security benefits while he is incarcerated.

In the Report, Magistrate Judge Ramirez determined that Plaintiff's claim is frivolous because "[u]nder 42 U.S.C. § 402(x)(1), social security benefits are generally not payable for the months that an individual 'is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.'" Report 2 (citing 42 U.S.C. § 402(x)(1)(A)(i)). For this reason, she further determined that Plaintiff failed to state a claim upon which relief can be granted, and, thus, this action should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). Additionally, Magistrate Judge Ramirez determined that this dismissal should count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

On April 24, 2020, Plaintiff filed his Appeal of Decision in Case ("Objections") (Doc. 13).[*] In his Objections, he contends that he is appealing the recommendation of Magistrate Judge Ramirez for the following reasons: (1) he did not consent for a Magistrate Judge to make a decision in his case; and (2) the Magistrate Judge erred in recommending that his case be dismissed with prejudice as frivolous and for failure to state a claim because he did state a claim against Defendants for denying his rights. He further contends that Magistrate Judge Ramirez denied him of his rights to an attorney and renews his request for counsel.

Plaintiff's argument that he did not consent for the Magistrate Judge to decide this action is of no moment, as the district court—not the Magistrate Judge—makes the final determination in this action. The Magistrate Judge simply makes a recommendation to the court. Thus, Plaintiff's Objection on this basis is **overruled**.

With regard to Plaintiff's second Objection, the court agrees with Magistrate Judge Ramirez's determination that Plaintiff is not entitled to receive his social security benefits during the time of his incarceration. As Magistrate Judge Ramirez noted, 42 U.S.C. 402 controls this determination, as this section governs the payment of old-age and survivors insurance benefits, including the payment of social security benefits. Section 402(x)(1)(A) provides in pertinent part:

> [N]o monthly benefits shall be paid under this section . . . to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual [] is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

It is undisputed that Plaintiff is currently incarcerated; thus, under Section 402(x), he is not entitled to receive his social security benefits while he is prison. *Makofsky v. Apfel*, 248 F.3d 1139, 1139

---

[*] Although Plaintiff presented his objections in the form of an appeal, the court treats them as objections to the Report. Additionally, it is unclear when Plaintiff placed his Objections in the prison mail; however, the postmark indicates that it was mailed on April 24, 2020—two days before the deadline pursuant to the prisoner mailbox rule. Despite being docketed as filed on April 28, 2020, the court determines that Plaintiff's Objections were timely filed.

**Order – Page 2**

(5th Cir. 2001) (stating that under 42 U.S.C. § 402(x), an incarcerated individual is not entitled to receive social security benefits during the time of his incarceration).  For this reason, Plaintiff's Objection on this basis is **overruled**.  The court, therefore, agrees with Magistrate Judge Ramirez's determination that Plaintiff's claim is frivolous and that he has failed to state a claim upon which relief can be granted. Accordingly, the court will dismiss this action on those grounds.

In Plaintiff's Objections, he also renewed his request for appointed counsel. He filed his initial Motion for Appointment of Counsel (Doc. 9) on March 8, 2018, which Magistrate Judge Ramirez denied on March 12, 2018 (Doc. 10) because she determined that Plaintiff failed to present "exceptional circumstances" that justified the appointment of counsel. Doc. 10, at 1 (citing *Gonzales v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). Plaintiff again has not shown "exceptional circumstances" that justify the appointment of counsel at this stage.  Even if the court determined that Plaintiff met his burden to justify appointed counsel, the court determines that such appointment would be without merit as this action is frivolous and will be dismissed with prejudice.  Thus, the appointment of counsel will not change the outcome, and Plaintiff's request for appointment of counsel is **denied.**

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them, as supplemented, as those of the court.  The court, therefore, **overrules** Plaintiff's Objections (Doc. 13) and **dismisses with prejudice** this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to state a claim under 28 U.S.C. § 1915A(b).  The court also **denies** Plaintiff's request for the appointment of counsel.  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Magistrate Judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 15th day of May, 2020.

Sam A. Lindsay
United States District Judge